**DISSTON ISLAND DRAINAGE DISTRICT, et al., v. W. D. DANIEL, et al.**

19 So. (2nd) 469

October 17, 1944

June Term, 1944

Division B

*Henderson, Franklin, Starnes & Holt* and *Parker Holt,* and *Evans, Mershon & Sawyer,* and *Herbert S. Sawyer,* for appellants.

*Strayhorn & Strayhorn,* for appellees.

THOMAS, J.:

Appellees, owners of lands in Disston Island Drainage District, sought an injunction against the county tax assessor

and the receiver of the district to prevent their "levying any assessment" of taxes on appellees' property for debt service and maintenance costs. The bill of complaint also contained a prayer that the tax collector be restrained from collecting any such taxes and from selling any property for failure to pay them.

The chancellor granted a motion to dismiss because he thought certain necessary parties were absent, and plaintiffs were estopped to seek relief from taxes levied for payment of the bonded debt of the district. As permitted by his order, an amended pleading was filed bringing in additional parties and eliminating from the prayer any claim of relief from taxes to retire the principal and interest of the bonded indebtedness.

So we shall proceed to an examination of the amended pleading only to determine whether it contained sufficient allegations to warrant interference by the court with the levy, assessment, and collection of taxes for maintenance of the district. The chancellor held the allegations of the amended bill adequate to withstand a motion to dismiss, and issued a temporary restraining order.

The district was created in 1923 by Chapter 9977 of the Laws of Florida, Acts of that year, to have powers and authority conferred by and to operate under Chapter 6458, Laws of Florida, Acts of 1913, and amendments. (298.01 et seq., Florida Statutes, 1941, and F.S.A.) It comprises twenty thousand acres, of which appellees own four hundred fifty. Most of the land, said the appellees in their bill of complaint, was "in need of drainage; but . . . plaintiffs' lands . . . are of higher elevation than the other lands . . . and are not in need of such drainage." The drainage authority long since caused ditches and canals to be constructed to effectuate the drainage plan, but, according to the bill, plaintiffs' lands "are receiving no benefits whatever . . . have received . . . no benefits . . . direct or indirect . . . and . . . the water levels as maintained . . . have injured [their] lands and have been a damage instead of a benefit."

We think we have given fairly, although in abbreviated form, the substance of the allegations upon proof of which

appellees relied to defeat further collection against their property of moneys to maintain a drainage plan approximately two decades old. We are confronted at the outset with the question whether at this late day assessments against particular property for continuance of a drainage system may be prevented on the meager assertions that the property is higher than neighboring lands, needs no drainage, receives no benefit from the general plan, but on the contrary is actually harmed.

It seems to us that these allegations so far as they disclaim any improvement from the drainage system, as such, are tardy and that appellees must suffer the consequences of a delay which, so far as the record reveals, was inexcusable. The bill of complaint is devoid of any allegations that the district in any way was illegally or improperly organized or that they or their predecessors in title offered any objection to its formation.

Expenditures from year to year for the upkeep of the district, preservation and restoration of drains, and discharge of current expenses may well vary, as is evidenced by the provision in the law, Section 298.54, supra, for the apportionment of the maintenance tax "upon the basis of the net assessments of benefits" not exceeding "ten per cent thereof in any one year. . . ." This implies that levy may be made for any proportionate amount under the limitation, but is not fixed.

Furthermore, it is obvious from Section 298.55, Florida Statutes, 1941, and F.S.A., that the Legislature intended to furnish a method of relief to property owners who from time to time might become aggrieved by the tax assessed for maintenance. It is provided there that "Whenever the owners of twenty-five per cent or more of the acreage . . . shall file a petition [with the circuit court] . . . stating . . . there has been a material change in the values of the property in the district since the last . . . assessment of benefits and praying for a readjustment of the assessment of benefits for the purpose of making a more equitable basis for the levy of the maintenance tax . . ." certain steps shall be taken to determine the merits of the complaint. Regardless of other

remedies available to the land owner, such as quo warranto, there was afforded him in the general drainage law itself, Section 298.55, supra, a means of enforcing a readjustment of his share of the debt if the burden became unfair.

Appellees own less than twenty-five per cent of the area and, conceivably, may have been unable to enlist other owners in like situation to join in challenging the assessment, but this conception will not become a presumption in their favor. Having assailed the levy for 1944, as well as those to be made in future years, and being the movants in the present litigation, it was their charge to allege their inability to obtain the cooperation of the owners of the prerequisite amount of land to support the bald allegation of the bill of complaint that they had "no adequate remedy at law." They failed to make such an assertion, and we shall assume that they could have resorted to the remedy accorded them in the statute.

We consider the bill entirely inadequate as a foundation for a decree for injunction on the ground the appellees' property was improperly embraced in the district since the time of its organization and also insufficient to justify the interference with collection of taxes for 1944, much less the "succeeding years," as sought in the bill and commanded in the temporary injunction.

We think the bill should have been dismissed. Whether it is susceptible of such amendment as to state a case with reference to taxes for the current year is a matter which will be left by us to the further consideration of the chancellor upon application to amend. Certiorari granted and order of Circuit Court is quashed with directions to dismiss bill without prejudice to amend.

So ordered.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.